1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DEMETRI ALEXANDER,

                        Plaintiff,

   v.

NEVADA DEPARTMENT OF
CORRECTIONS, *et al.*,

                      Defendants.

3:15-cv-00213-MMD-VPC

**REPORT AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE**

      This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is a motion to dismiss (ECF No. 27) filed by defendants Nevada Department of Corrections ("NDOC") and Northern Nevada Correctional Center ("NNCC").  Demetri Alexander ("plaintiff") opposed (ECF No. 29; ECF No. 31), and defendants replied (ECF No. 30).  Having reviewed the arguments set forth, the court recommends that the motion be granted.

## I.  PROCEDURAL HISTORY

      Plaintiff is an inmate in the custody of the NDOC.  Although currently housed at Southern Desert Correctional Center ("SDCC") in Indian Springs, Nevada, the events that give rise to this action transpired at NNCC, where he was previously housed.  Pursuant to 42 U.S.C. § 1983, plaintiff brings a civil rights claim against NDOC and NNCC.

      On October 26, 2015, plaintiff filed his first amended complaint, which contained two counts: a violation of the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"), and an Eighth Amendment deliberate indifference claim.  Both counts related to plaintiff's inability to access NNCC's exercise yard due to his confinement to a wheelchair.  (*See* ECF No. 10.)  On December 2, 2015, the District Court entered a screening order pursuant to 28

U.S.C. § 1915, allowing plaintiff to proceed with his ADA and RA claim against NDOC and NNCC, and dismissing his Eighth Amendment claim.  (ECF No. 14 at 5-6, 9.)  The court stayed the case for ninety days to allow for an early mediation conference between plaintiff and defendants.  (ECF No. 15.)  The parties were ultimately unable to settle, and this court issued an *in forma pauperis* order commencing litigation.  (ECF No. 25.)  On June 17, 2016, defendants filed a motion to dismiss this action.  (ECF No. 27.)  This report and recommendation follows.

## II.     LEGAL STANDARDS

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6).  The ruling is a question of law.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).  The court is to grant dismissal when the complaint fails to "state a claim for relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or fails to articulate a cognizable legal theory, *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015).  When analyzing a motion under Rule 12(b)(6), courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the complaint states a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  While detailed factual allegations are not necessary, the complaint must offer more than "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and include sufficient facts "to give fair notice and to enable the opposing party to defend itself effectively," *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  In conducting the dismissal analysis, the complaint is construed in a light most favorable to the plaintiff.  *Chubb Custom Ins. Co. v. Space Sys./Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).  Moreover, the court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel.  *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

## III.     DISCUSSION

Plaintiff alleges that he was unable to access the outdoor exercise yard due to his disability of being confined in a wheelchair.  (ECF No. 10 at 3-5.)  Plaintiff also contends that NDOC and NNCC are liable under the ADA and RA for their failure to make necessary accommodations to

1  ensure the safety of wheelchair-bound prisoners, as the entrance to the exercise yard was unpaved

2  and slippery.  (*Id.* at 9-11.)

3      Defendants move for dismissal of the complaint based on the following: 1) NNCC is not

4  an entity subject to suit or liability and therefore must be dismissed as a party to the case; 2)

5  plaintiff's claim for injunctive relief is moot because he is no longer housed at NNCC; and 3)

6  plaintiff failed to adequately allege deliberate indifference, precluding his claim for monetary

7  damages.  (*See* ECF No. 27.)

8  **A.      NNCC is not an entity subject to suit or liability.**

9      Defendants argue that NNCC is not a proper defendant to this lawsuit. (ECF No. 27 at 4.)

10  "[A]n inanimate building [is] not a person or entity subject to liability."  *Dubois v. Washoe Cnty.*

11  *Jail*, No. 3:12-cv-00415-MMD-VPC, 2013 WL 100940, at *4 (D. Nev. Jan. 7, 2013).  "The law

12  defines persons as including natural persons (*i.e.,* human beings) as well as corporations and

13  political subdivisions.  However, objects such as buildings do not fit within this definition."  *Allen*

14  *v. Clark Cnty. Det. Ctr.*, No. 2:10-CV-00857-RLH, 2011 WL 197201, at *4 (D. Nev. Jan. 20,

15  2011).  Therefore NNCC, a detention facility, is not subject to liability and should be dismissed

16  from this action.

17  **B.      Plaintiff's request for injunctive relief under the ADA and RA is moot.**

18      Defendants argue that plaintiff's request for injunctive relief in this case should be denied

19  as moot because he is no longer housed at NNCC.  When a prisoner is seeking injunctive relief,

20  transfer to another prison renders the request for injunctive relief moot absent some evidence of a

21  "reasonable expectation of returning to" the original institution.  *Johnson v. Moore*, 948 F.2d 517,

22  519 (9th Cir. 1991) (citing *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986).)

23      Plaintiff was transferred from NNCC and is currently housed at SDCC.  (ECF No. 19 at

24  1.)  Plaintiff presents no evidence that he reasonably expects to return to NNCC.  Plaintiff's only

25  argument is that the ADA still applies to NNCC even though he was transferred from that

26  institution.  (ECF No. 29 at 1-2.)  However, even if true, it is irrelevant to show that plaintiff is

27  entitled to injunctive relief.  In order to move forward with his injunctive relief claim, plaintiff

28

3

would need to present some evidence that he reasonably expects to return to NNCC, which he has not done.  Therefore, plaintiff's claim for injunctive relief under the ADA and RA should be dismissed as moot.

**C.     Plaintiff fails to allege deliberate indifference to support his claim for monetary damages.**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.  Courts apply the same standards to discrimination claims under the RA as they do to discrimination claims under the ADA.  *See Walton v. U.S. Marshals Serv.,* 492 F.3d 998, 1003 n.1 (9th Cir. 2007).  The Ninth Circuit stated, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act." *Zukle v. Regents of Univ. of Cal.,* 166 F.3d 1041, 1045 (9th Cir.1999).  In order to state a claim under the ADA and the RA, a plaintiff must allege that:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*O'Guinn v. Lovelock*, 502 F.3d 1056, 1060 (9th Cir. 2007) (citation and quotation omitted).  The Ninth Circuit has interpreted the causal language "by reason of" to require that a plaintiff show that a discriminatory reason was a "motivating factor" in the defendant's decision.  *Head v. Glacier NW. Inc.*, 413 F.3d 1053, 1065 (9th Cir. 2005).  Furthermore, to recover monetary damages, a plaintiff must prove intentional discrimination by the defendant.  *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001).  The standard for intentional discrimination is deliberate indifference, requiring the plaintiff to show that the defendant knew "harm to a federally protected right [wa]s substantially likely" and failed to act upon that likelihood.  *Id.* at 1139.

4

1    Defendants argue that plaintiff's complaint "lacks any factual allegation supporting 'a

2    plausible claim' of intentional discrimination by any NDOC official." (ECF No. 27 at 5-6 (citing

3    *Iqbal*, 556 U.S. at 679).)  Plaintiff's complaint consists only of an allegation that he could not

4    access the exercise yard at NNCC in his wheelchair because the entrance was unpaved and

5    slippery. (ECF No. 10 at 3-4.)  The court agrees.  Plaintiff states that NDOC acted with "callous

6    disregard, deliberate indifference, [and] gross negligence," (ECF No. 10 at 4), but this appears to

7    be merely a "formulaic recitation of the elements" of the claim for monetary damages under the

8    ADA and RA. *Twombly*, 550 U.S. at 555.

9    Further, in response to defendants' motion to dismiss, plaintiff cites numerous cases that

10   address Eighth Amendment deliberate indifference to serious medical needs. (*See* ECF No. 29 at

11   7-12.)  However, deliberate indifference to a serious medical need is not equivalent to deliberate

12   indifference under the ADA or RA.  The Eighth Amendment deliberate indifference standard

13   requires a showing that a defendant "was subjectively aware of a substantial risk of serious harm

14   to an inmate," *Farmer v. Brennan*, 511 U.S. 825, 829 (1994), while the ADA or RA deliberate

15   indifference standard requires that a defendant knew "harm to a federally protected right [wa]s

16   substantially likely" and failed to act upon that likelihood. *Duvall,* 260 F.3d at 1139.

17   Plaintiff offers no other evidence to support a finding of deliberate indifference.  Plaintiff

18   does not allege that any NDOC employee knew of his alleged difficulties in accessing the

19   exercise yard.  He does not allege that any NDOC employee knew of any other wheelchair-bound

20   inmates' difficulty in accessing the exercise yard.  Because plaintiff fails to allege that any NDOC

21   employee intentionally discriminated against him, he fails to adequately state a claim under the

22   ADA or RA.  Based on the foregoing, plaintiff's claim for monetary damages under the ADA and

23   RA should be dismissed.

24

25

26

27

28

### IV.    CONCLUSION

Because plaintiff's claims for injunctive relief and monetary damages under the ADA and RA should be dismissed, his complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Therefore, the court recommends that defendant's motion to dismiss plaintiff' complaint (ECF No. 27) be granted and the complaint (ECF No. 10) be dismissed in its entirety.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,  the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### V.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the defendants' motion to dismiss (ECF No. 27) be **GRANTED,** and the complaint (ECF No. 10) be **DISMISSED** in its entirety.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: September 7, 2016.

**UNITED STATES MAGISTRATE JUDGE**