1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

DISTRICT OF NEVADA

9

* * *

10

DEMETRI ALEXANDER,

Plaintiff,

11

v.

12

NEVADA DEPARTMENT OF
CORRECTIONS, et. al.,

13

14

Defendants.

Case No. 3:15-cv-00213-MMD-VPC

ORDER REGARDING REPORT AND
RECOMMENDATION OF
MAGISTRATE JUDGE
VALERIE P. COOKE

15

## I.   SUMMARY

16

Before the Court is the Report and Recommendation of United States Magistrate

17

Judge Valerie P. Cooke (ECF No. 33) ("R&R") relating to Defendants' Motion to Dismiss

18

("Defendants' Motion") (ECF No. 27). The Magistrate Judge recommends that Defendants'

19

Motion be granted and Plaintiff Demetri Alexander's ("Alexander") Amended Complaint

20

(ECF No. 10) be dismissed. Plaintiff has objected to the R&R. (ECF No. 34.) Defendants

21

have responded. (ECF No. 35.) Plaintiff responded to Defendants' response, and the

22

parties then engaged in a flurry of filings about the propriety of Plaintiff's response.[1] (ECF

23

Nos. 36, 37, 38, 39, 40.) For the reasons discussed below, the Court adopts and accepts

24

the R&R in whole and grants Defendants' Motion.

25
26
27
28

[1]This exchange led to no less than four additional filings, including the elegantly titled, "Reply to 'Response to 'Defendants' Motion to Strike Plaintiff's Response to Defendants' Objections to the Magistrate Judge's Report and Recommendation." (ECF No. 39.) The Court agrees that Alexander's response to Defendant's response was improper under LR IB 3-2(a), and even as a pro se litigant Alexander must observe the Court's procedural rules. Therefore, Defendant's Motion to Strike (ECF No. 37) is granted.

1

## II.   BACKGROUND

2      Alexander is an inmate in the custody of the Nevada Department of Corrections

3  ("NDOC"). He is currently housed at Southern Desert Correctional Center ("SDCC"),

4  though the events that give rise to this suit occurred at Northern Nevada Correctional

5  Center ("NNCC"). Following screening pursuant to 28 U.S. C. § 1915A, the Court allowed

6  Alexander to proceed with two claims based on the Americans with Disabilities Act ("ADA")

7  and the Rehabilitation Act ("RA"). (ECF No. 14.)

8      The Magistrate Judge recommends granting Defendants' Motion and dismissing

9  the case in its entirety. (ECF No. 33 at 6.) Specifically, the Magistrate Judge agrees that

10  Defendant NNCC is not a legal entity subject to suit, Alexander's claims for injunctive relief

11  have been rendered moot by his transfer to another facility, and he failed to allege

12  deliberate indifference to support any claim for monetary damages under the ADA. (*Id.*) In

13  his objection, Alexander argues that he is entitled to compensatory damages under the

14  ADA, and that the Magistrate Judge was incorrect to conclude that his Amended

15  Complaint does not support such a claim. (ECF No. 34.)

16  ## III.   LEGAL STANDARD

17  ### A.   Review of the Magistrate Judge's Recommendations

18      This Court "may accept, reject, or modify, in whole or in part, the findings or

19  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

20  timely objects to a magistrate judge's report and recommendation, then the court is

21  required to "make a *de novo* determination of those portions of the [report and

22  recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails

23  to object, however, the court is not required to conduct "any review at all . . . of any issue

24  that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed,

25  the Ninth Circuit has recognized that a district court is not required to review a magistrate

26  judge's report and recommendation where no objections have been filed. *See United*

27  *States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review

28  employed by the district court when reviewing a report and recommendation to which no

1   objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D.

2   Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that

3   district courts are not required to review "any issue that is not the subject of an objection.").

4   Thus, if there is no objection to a magistrate judge's recommendation, then the court may

5   accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226

6   (accepting, without review, a magistrate judge's recommendation to which no objection

7   was filed).

8   **B.      Motion to Dismiss Standard**

9          A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

10   relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a

11   short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

12   R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8

13   does not require detailed factual allegations, it demands more than "labels and

14   conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.

15   Iqbal*, 556 US 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

16   "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550

17   U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient

18   factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678

19   (internal citation omitted).

20          In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to

21   apply when considering motions to dismiss. First, a district court must accept as true all

22   well-pled factual allegations in the complaint; however, legal conclusions are not entitled

23   to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause

24   of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a

25   district court must consider whether the factual allegations in the complaint allege a

26   plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's

27   complaint alleges facts that allow a court to draw a reasonable inference that the

28   defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not

1   permit the court to infer more than the mere possibility of misconduct, the complaint has

2   "alleged — but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal

3   quotation marks omitted). When the claims in a complaint have not crossed the line from

4   conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

5          A complaint must contain either direct or inferential allegations concerning "all the

6   material elements necessary to sustain recovery under *some* viable legal theory."

7   *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

8   1106 (7th Cir. 1989) (emphasis in original)).

9          Allegations in pro se complaints are held to less stringent standards than formal

10  pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449

11  U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also*

12  *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir.2011); *Balistreri v. Pacifica Police Dep't*,

13  901 F.2d 696, 699 (9th Cir.1990). Though pro se pleadings are to be liberally construed,

14  a plaintiff must still present factual allegations sufficient to state a plausible claim for relief.

15  *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir.2010).

16  **IV.    DISCUSSION**

17          **A.     Injunctive Relief**

18          On March 23, 2016, Alexander filed a notice indicating that he had been transferred

19  to SDCC. (ECF No. 19.) The Magistrate Judge concluded that because Alexander's

20  allegations rested upon conditions specific to NNCC, and because there was no indication

21  that Alexander expected to return to NNCC, his standing for injunctive relief has vanished

22  and his claim is moot. Alexander does not specifically object to this conclusion.

23  Nonetheless, mindful of Alexander's pro se status, the Court has reviewed the Magistrate

24  Judge's recommendation *de novo*, and agrees with her conclusion.

25          **B.     Damages**

26          Alexander's main argument seems to be that, even if he is no longer entitled to

27  injunctive relief, his claim survives because the ADA allows for monetary damages. The

28  ///

4

1   Magistrate Judge concluded that Alexander's allegations amounted to legal conclusions

2   which failed the *Twombly* and *Iqbal* standards for plausibility. (ECF No. 33 at 5-6.)

3       Alexander is correct that monetary damages are available under the ADA; however,

4   they are only available in limited circumstances. "To recover monetary damages under

5   Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination

6   on the part of the defendant." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir.

7   2001).

8       Alexander understandably protests that the Court already found he stated a

9   colorable ADA claim when it screened his Amended Complaint. He is correct in that the

10  Court determined his ADA claim should move forward. (ECF No. 14 at 4-5.) In particular,

11  the Court found:

12      The Supreme Court has held that a prisoner may state an ADA claim based
        on the "alleged deliberate refusal of prison officials to accommodate [a
13      prisoner's] disability-related needs in such fundamentals as mobility,
        hygiene, medical care, and virtually all other prison programs." *United States*
14      *v. Georgia*, 546 U.S. 151, 157 (2006). […]

15      Plaintiff alleges he was unable to access the outdoor exercise yard at NNCC
        because it was not accessible to him, due to his disability of being confined
16      to a wheelchair. He also alleges that NDOC failed to make the necessary
        accommodations to ensure the safety of wheelchair bound prisoners, as the
17      entrance to the exercise yard was unpaved and slippery. The Court finds
        that Plaintiff states a colorable ADA claim against NDOC/NNCC.
18

19  (*Id.*) However, the screening order evaluated Alexander's ADA claim under the basic

20  framework for an ADA claim. As stated in *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th

21  Cir. 1997), an inmate states a colorable claim under both the ADA and RA if he alleges

22  that he was "improperly excluded from participation in, and denied the benefits of, a prison

23  service, program, or activity on the basis of his physical handicap." The Court did not find

24  that Alexander had pled the elements necessary to establish that his claim fell into the

25  limited category of ADA claims eligible for monetary damages. Part of Alexander's

26  confusion likely stems from the fact that his Amended Complaint attempts to shoehorn a

27  relatively simple tort claim — i.e., that he was injured due to NDOC's negligence — into

28  more complicated constitutional and statutory claims. In this case the statute upon which

he relies restricts the availability of monetary damages, and he has not pled facts upon which a juror could conclude that he is entitled to them.

As discussed above, Alexander's plausible ADA claim was mooted when the barrier to the exercise yard was removed via his transfer to another facility. And his Amended Complaint, even read liberally to accommodate his pro se status, simply does not allege facts that support a plausible claim for monetary damages under the ADA. Therefore, the Court agrees with the R&R and will dismiss Alexander's sole remaining claim.

## V.    CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 33) is accepted and adopted in full. Defendants' Motion to Dismiss (ECF No. 27) is granted. Plaintiff's Amended Complaint is dismissed.

It is further ordered that Defendants' Motion to Strike (ECF No. 37) is granted. The Clerk is directed to strike Plaintiff's response to Defendants' Response to Plaintiff's Objection. (ECF No. 36.)

The Clerk is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 22nd day of March 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE